620 VIL. OF SARANAC L. *v.* PAUL SMITH'S E. L. & P. & R. R. CO.

Third Department, May, 1918.          [Vol. 183.

THE VILLAGE OF SARANAC LAKE, Respondent, *v.* PAUL SMITH'S ELECTRIC LIGHT AND POWER AND RAILROAD COMPANY, Appellant.

Third Department, May 8, 1918.

Tax — franchise tax — sums payable to village for local franchise of public service corporation should be deducted from franchise tax — section 48 of Tax Law retroactive.

Where an electric light and power company as a condition for exercising its franchise in a village agreed to pay to the village a certain sum per year the payment is in the nature of a tax.

By virtue of section 48 of the Tax Law the sums paid to the village by such company for the exercise of its franchise must be deducted from the special franchise tax levied against the company.

Said section 48 of the Tax Law was designed to equalize the tax on corporations and to compel each company to pay but one franchise tax and applies to franchises granted prior to its enactment.

WOODWARD, J., dissented.

APPEAL by the defendant, Paul Smith's Electric Light and Power and Railroad Company, from an order of the Supreme Court, made at the Franklin Special Term and entered in the office of the clerk of the county of Franklin on the 21st day of December, 1917, overruling its demurrer to the amended complaint, and also from an interlocutory judgment entered in said clerk's office on the same day pursuant to said order.

*Cantwell & Cantwell* [*John M. Cantwell* of counsel], for the appellant.

*H. P. Coats,* for the respondent.

JOHN M. KELLOGG, P. J.:

The defendant, as a condition of exercising its franchise in the village of Saranac Lake, was required by a resolution of the trustees to pay $1,500 a year for the franchises and the powers and privileges thereby granted, which payment was to be made on the 23d day of August, 1915, and upon the twenty-second day of August of each and every year thereafter, and if it failed to pay the same for sixty days, the franchises and privileges granted to it ceased without further action. The defendant accepted the franchise on those conditions and

agreed to perform the terms thereof. This payment was in the nature of a tax. (*Heerwagen* v. *Crosstown St. R. Co.,* 179 N. Y. 99; *New York Railways Co.* v. *City of New York,* 218 id. 483.)

Notwithstanding this agreement and the presumed payment on account of the continued exercise of the franchises, the plaintiff, by the interlocutory judgment, has a recovery for the special franchise tax assessed against it of $541.44, with costs.

Section 48 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62) provides, in substance, that the amount paid for the exclusive use of the village within the preceding year, under any agreement therefor, on account of such special franchise, in the nature of a tax (with an exception unnecessary to mention here), shall be deducted from the special franchise tax levied against the company. (See, also, Laws of 1916, chap. 581, and Laws of 1917, chap. 39, amdg. Tax Law, § 48.) If that statute applies to this case, it is evident that the actual payment in the nature of a tax for this special franchise is greater than the tax imposed, and, therefore, the judgment is erroneous. It is urged that section 48 only applies to cases where the franchise was granted before 1899 when section 46 (now section 48) was added to the Tax Law. (See Gen. Laws, chap. 24 [Laws of 1896, chap. 908], § 46, as added by Laws of 1899, chap. 712.) The object of this section was to equalize the tax on corporations and compel each company to pay one franchise tax, and only one, and there is nothing in the language of the statute indicating that it was only intended to apply to franchises granted prior to the enactment. The Tax Law contemplates a franchise tax against every corporation to fairly represent the value of the franchise, and that the assessment by the Commission represents the full value of the franchise. The amount of the tax in the village is uncertain, and may change from year to year, but if when its amount is ascertained it is deducted from the amount paid to the village in the nature of a tax on account of the same franchise, exact justice is done to the company and to the locality.

It is said, however, that the company, when it accepted the franchise and agreed to pay the $1,500, knew of the law

assessing franchises. The village had similar knowledge, and the agreement was evidently made by each side with knowledge of the law, and it is fairly to be inferred that both parties deemed it just that if the company paid the $1,500 to the village as the agreed value of the use of the public franchise in the way of a tax, the village should not expect a second tax for the same franchise. If, however, the assessment levied upon the franchise was greater than the amount agreed to be paid, then the excess is payable to the village.

We conclude, therefore, that section 48 of the Tax Law applies to the case and prevents a recovery. The judgment and order should, therefore, be reversed, with costs, and the demurrer sustained, with costs, with the usual leave to plead over.

All concurred, except WOODWARD, J., dissenting; H. T. KELLOGG, J., not sitting.

Judgment and order reversed, with costs, and the demurrer sustained, with costs, with the usual leave to plaintiff, upon payment of such costs, to plead over within twenty days.